**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ OCT 13 2010 ★

BROOKLYN OFFICE

C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
MALIK RAHMAN,

        Plaintiff,

-against-

AMKC WARDEN (MR. CRIPPS);
ORTIZ (Officer); and
HUTCHINSON (Officer),

        Defendants.
----------------------------------------------------------x

NOT FOR PUBLICATION

**MEMORANDUM AND ORDER**

10 Civ. 4402 (BMC)

**COGAN**, District Judge.

This is a prisoner's civil rights action under 42 U.S.C. 1983. The Court grants plaintiff's application to proceed *in forma pauperis* for the limited purpose of this Order and dismisses the complaint with leave to amend within twenty days.

### BACKGROUND

According to the complaint, "This suit is based on not being housed within the 24 hr. house an inmate guidelines" [*sic*]. Plaintiff states that he was not properly housed at Rikers Island from August 26, 2010 to August 28, 2010. He further alleges that he was unable to contact his family for three days; that he slept on the floor; and that his "massive headaches, lower back problems and mental health issues" were not addressed. Plaintiff claims that these actions constituted "cruel and unusual punishment." He seeks $500,000 in damages.

### DISCUSSION

Title 28 of the United States Code, § 1915A requires this Court to review the complaint in a civil action in which a prisoner seeks redress from a governmental entity or from officers or

employees thereof, and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b); see Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).

Generally, a complaint states a plausible claim only when it contains sufficient factual allegations that allow the court to "draw reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). At the same time, the Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

Section 1983 permits suits against persons acting under color of state law who cause the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. The Court has considered whether plaintiff's allegations state a claim for violations of his constitutional rights under the Eighth Amendment and concludes that at least as they are presently stated, they do not.

The Eighth Amendment to the Constitution, which prohibits the imposition of cruel and unusual punishment, guarantees prisoners humane conditions of confinement. See Farmer v. Brennan, 511 U.S. 825, 832 (1994) ("The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. . . .") (quotation marks and citations omitted). "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical

care, and must take reasonable measures to guarantee the safety of the inmates." Id. In the prison context, the Eighth Amendment is violated only when the alleged deprivation is "sufficiently serious" and the prison official's act or omission results in the "denial of the minimal civilized measure of life's necessities." Id. at 834 (quotation marks and citations omitted).

Prisoners may assert claims based either on inhumane conditions of confinement or on inadequate medical treatment. A claim for inhumane conditions of confinement may assert a constitutional deprivation only where it alleges "unquestioned and serious deprivations of basic human needs" or denial of "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). "[T]he length of confinement cannot be ignored in deciding whether the confinement meets constitutional standards." Hutto v. Finney, 437 U.S. 678, 686 (1978). Plaintiff's claim that he slept on the floor for up to three days fails to allege a serious deprivation of basic human needs. See e.g., id., at 686-87 ("A filthy, overcrowded cell and a diet of 'grue' might be tolerable for a few days and intolerably cruel for weeks or months.").

A claim for inadequate medical treatment may give rise to a constitutional deprivation where a prisoner alleges "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (establishing the standard applicable to treatment of convicted prisoners under the Eighth Amendment); see also Weyant v. Okst, 101 F.3d 845, 856 (2d Cir. 1996) (applying the same standard to pretrial detainees under the Fourteenth Amendment). In order to meet this standard, a plaintiff must show that he was "actually deprived of adequate medical care," and that "the inadequacy in

medical care [was] sufficiently serious." Salahuddin v. Goord, 467 F.3d 263, 279-80 (2d Cir. 2006). Plaintiff's claim that his headaches, back problems, and mental health issues were not addressed for a period of three days fails to meet this standard. See Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998) ("The standard for Eighth Amendment violations contemplates a condition of urgency that may result in degeneration or extreme pain.") (internal quotation marks and citation omitted).[1]

## LEAVE TO AMEND

As currently presented, plaintiff has not stated a § 1983 claim. However, in light of plaintiff's *pro se* status, he is afforded 20 days to amend his complaint to state allegations that would give rise to a colorable Eighth Amendment claim. Although the Court is skeptical that there is a claim here, it recognizes there is at least some indication that the complaint's deficiency might have been a result of inartful pleading. See Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam) ("Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the [*pro se*] complaint gives any indication that a valid claim might be stated."); cf. Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (holding that dismissal is appropriate when the deficiency is substantive that better pleading would not cure). If he chooses to amend the complaint, plaintiff must allege additional facts, indeed *any* facts – if there are any – that would support his contention that his custody at Rikers Island constituted cruel and unusual punishment. That is, he must describe in as much detail as possible the conditions of his confinement, the injuries he suffered, and the

---

[1] To the extent that plaintiff alleges that the Rikers Island facility failed to follow state law or New York City Department of Correction policies regarding intake and housing of inmates, such a claim does not allege a violation of his right to due process cognizable under § 1983. Davis v. Scherer, 468 U.S. 183, 195 (1984) (an official's violation of a state statute or regulation does not, by itself, make the official liable under § 1983); Pollnow v. Glennon, 757 F.2d 496, 501 (2d Cir. 1985) ("a violation of state law is not cognizable under § 1983").

4

consequences from those injuries that he believes amount to a violation of the Eighth Amendment.

## CONCLUSION

Plaintiff may file an amended complaint, which must be submitted to the Court within twenty days of the date of this Order. No summons shall issue at this time and all further proceedings are stayed for twenty days in order for plaintiff to comply with this Order. If plaintiff fails to comply within the time allowed, the complaint shall be dismissed and judgment shall enter. Once submitted, the amended complaint will be reviewed for compliance with this Order and for sufficiency under Fed. R. Civ. P. 8 and 28 U.S.C. §§ 1915(e)(2)(B), 1915A. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S.Ct. 917 (1962).

**SO ORDERED.**

U.S.D.J.

Dated: Brooklyn, New York
October 12, 2010

5